FILED
3/13/2023 12:15 PM
Delia Sellers
District Clerk
Liberty County - 75th District Court
Liberty County, TX
Erin Fregia

CAUSE NO. 23DC-CV-00392

| | | |
|---|---|---|
| DONNA MEEK, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | LIBERTY COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, INC. | § | Liberty County - 75th District Court |
|     Defendant. | § | _____ JUDICIAL DISTRICT |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DONNA MEEK, Plaintiff and complains of Defendant STATE FARM LLOYDS. In support of such claims and causes of action, Plaintiff respectfully shows unto this Honorable Court and Jury as follows:

### I.   DISCOVERY CONTROL PLAN

1. Discovery in this case should be conducted in accordance with a Level 2 discovery control plan pursuant to TEX. R. CIV. P. 190.3.

### II.   PARTIES

2. Plaintiff, DONNA MEEK, is a resident of Liberty County, Texas.

3. Defendant, STATE FARM LLOYDS, INC. (hereinafter "Defendant"), is a domestic company engaged in the business of insurance in this state at 1251 State Street, Suite 1000, Richardson, TX 75082. In accordance with TEX. INS. CODE, § 804.201(a)(5), it may be served with process by serving the Commissioner of Insurance of the State of Texas, or wherever it may be found. Plaintiff requests citation be issued and mailed to the undersigned.

### III.   JURISDICTION AND VENUE

4. This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court, per TEX. GOVT. CODE, § 24.007.

5.   All the damages described and sought in this Petition are within the jurisdictional limits of the Court. In accordance with TEX. R. CIV. P. 47(c), Plaintiff hereby notifies the Court she is seeking only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

6.   Venue is proper in Liberty County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Liberty County, Texas.

### IV.   AGENCY AND RESPONDEAT SUPERIOR

7.   Whenever in this Petition it is alleged that Defendant did any act or things, it is meant that Defendant or agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### V.   CONDITIONS PRECEDENT

8.   All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS APPLICABLE TO ALL COUNTS

9.   Plaintiff Meek is the owner of a Texas Homeowner's Policy number 53BVM3864 issued by Defendant (the "Policy"). She owns the insured property, which is located at 400 E. Boothe St., Cleveland, Texas, 77327-4027 (the "Property"). Defendant, or its agent(s), sold the Policy to Plaintiff, insuring and covering the Property against damages from storm-related events.

10.  On or about February 16, 2021, Plaintiff experienced, as did many in this state, a winter storm that caused damaged the Property. In specific, the massive freeze event caused water pipe in

2

Plaintiff's residence to burst, flooding the residence in multiple locations. Plaintiff timely submitted a claim to Defendant. Defendant assigned claim number 53-16N3-23Z to Plaintiff's claim and various adjusters to adjust it. However, Defendant and its agents were not diligent in investigating Plaintiff's loss as Defendant failed to timely and accurately investigate the covered loss.

11.     Ultimately, Defendant inspected Plaintiff's property after the storm. During the inspection, Defendant was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of, and then quantifying the damage done to Plaintiff's home. Defendant prepared a repair estimate which did not account for all the covered damages. Further, even the damages that were accounted for were vastly under-scoped. Thus, Defendant demonstrated it did not conduct a thorough investigation of the claim.

12.     Defendant failed to evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Defendant engaged in unfair settlement practices by misrepresenting material facts to Plaintiff. Defendant further failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a material breach of the insurance contract.

13.     Defendant misrepresented to Plaintiff that damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril and no reservation of rights ever issued. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in

3

TEX. INS. CODE, § 541.060(a)(1). Defendant's repair estimate further under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to Plaintiff – despite years of paying hefty premiums for the coverage. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section specified in TEX. INS. CODE, § 541.051(1)(B).

14. Defendant failed to make an attempt to settle Plaintiff's claims in a prompt and fair manner, although it was, or reasonably should have been, aware of its liability to Plaintiff was reasonably clear under the Policy. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in TEX. INS. CODE ANN. § 541.060(a)(2)(A). Defendant failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle her claim, in violation of TEX. INS. CODE, § 541.060(a)(3).

15. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in TEX. INS. CODE, § 541.060(a)(4). Defendant refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed a results/outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in TEX. INS. CODE, § 541.060(a)(7).

4

16. Defendant misrepresented the insurance policy sold to Plaintiff by: (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law, in violation of TEX. INS. CODE, § 541.061.

17. Defendant failed to meet its obligation under the Texas Insurance Code regarding timely acknowledgment and prompt investigation of Plaintiff's claim, as well as requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines. Defendant's conduct constitutes a violation of the Prompt Payment of Claims Act, including TEX. INS. CODE, § 542.055. Defendant further failed to accept or deny Plaintiff's full and entire claim within the statutorily-mandated deadline of receiving all necessary information reasonably requested. Defendant's conduct constitutes a violation of TEX. INS. CODE, § 541.056. Defendant failed to meet its obligations regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim. Defendant's conduct constitutes a violation of TEX. INS. CODE, § 542.058.

18. From the point in time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

19.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the undersigned attorney and law firm who are representing Plaintiff with respect to these causes of action. On or about November 3, 2022, Plaintiff's counsel sent a letter of representation requesting various, basic documents related to the claim and its handling (e.g., the policy itself, claim correspondence, claim notes, adjuster/plumber reports/photos from the parade of inspectors). A month and a half later, on December 18, 2022, Defendant responded with the Policy and a "review" of the claim, with another $7,010.77 "in settlement of your Dwelling claim."

20.     On or about December 30, 2022, Plaintiff's counsel sent a Texas Insurance Code 542A Notice and Deceptive Trade Practices Act ("DTPA") notice letter to the Defendant. The letter gave Defendant a statement of the acts or omissions giving rise to the claim and included the specific amount alleged to be owed by the insurer on the claim for damage to or loss of a covered property (citing to the estimate from Plaintiff's contractor in Defendant's possession for months), as well as the amount of reasonable and necessary attorney's fees incurred by Plaintiff as of the date of the Notice. The letter also informed Defendant of potential violations under the DTPA and Insurance Code related to its handling and adjustment of Plaintiff's claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations . . . not to mention the ALE (additional living expense) and personal property coverages not fully indemnified. The Notice letter provided Defendant with the statutorily-mandated sixty days to respond, and an opportunity to resolve the claim without the necessity (and expense of) litigation.

21.     Defendant, by letter from William Gostick dated either January 19/23, responded via email, acknowledged the Notice, then maintained its previous claims stance and denied the Demand in its entirety.  By this letter, Defendant acknowledges having reviewed Plaintiff's TDG General

6

Contracting, LLC $145,151.88 estimate, dated March 28, 2021 – "determine[ing] there are items included that are outside the scope of repairs for covered damage" and "our findings as outlined in our <u>NOVEMBER 30, 2022</u> estimate remain unchanged." Defendant now provided the requested estimate, correspondence, and a summary of the loss . . . but declined to provide "internal work product" such as the insurance application, claim processing information, photographs, file notes, reports, underwriting/claim files, etc.

22.     On March 2, 2023, given a textbook amount-of-loss dispute, Plaintiff invoked the appraisal clause under the Policy to resolve same. That very same afternoon, Defendant's William Gostick called this office, practically yelling at my staff, "You cannot do this! You cannot demand appraisal when we haven't even seen your estimate. We have our estimate and you have to provide us with your's first before you demand appraisal!" The next morning, the undersigned left Mr. Gostick a voicemail at (309) 994-2602, requesting he call me to discuss Plaintiff's invocation of appraisal and appraiser appointment . . . and discuss the very estimate Defendant admitted to having in early 2021. Defendant, per the Policy, has 20 days to notify Plaintiff of its appraiser appointee so that this February 2021 claim and amount-of-loss dispute may be promptly resolved via the contractual process – until March 22, 2023 . . . or Plaintiff will be forced to compel Defendant's Policy compliance.

23.     As the date of the storm was February 16, 2021, Plaintiff now files this Petition to preserve her rights, prevent any statute of and/or contractual limitations arguments, and present her case to a Court to determine independent of Defendant what was covered damage two years ago. To date, Defendant has failed to and refused to pay Plaintiff for the proper repair of the Property or make any arrangement for the additional living expense Plaintiff will incur upon those extensive repairs being

performed upon Defendant's proper payment. On information and belief, Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling this type of claim, particularly in light of it being the largest residential insurer in Texas . . . ground zero for Winter Storm Uri. Defendants' entire process is unfairly designed to reach favorable outcomes of the company at the expense of the policyholder, or to drag the claim out for an inordinate and inexcusable period of time.

## VII.   COUNTS

24.   Plaintiff incorporates by reference all facts, statements, and allegations set forth in all previous paragraphs as if set forth in full in each of cause of action that follows.

**Count 1 – Breach of Contract.**

25.   At the time of the loss, Plaintiff had a valid, enforceable contract in place, issued by Defendant, the Policy. Plaintiff was the insured under the contract. Plaintiff fully performed her contractual obligations by making premium payments as required by the Policy, and at all times, complied fully with all material provisions of the Policy.

26.   According to the Policy Plaintiff purchased and Texas law, Defendant had the duty to investigate and pay Plaintiff policy benefits for claim made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, Plaintiff's home has been damaged.

27.   Defendant's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant's contract with Plaintiff.

As a result of this breach of contract, Plaintiff has suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

**Count 2 – Prompt Payment of Claims; Violation of TEX. INS. CODE, Chapter 542.**

28. Under the Texas Insurance Code, Defendant had a duty to investigate and pay Plaintiff's claim under the Policy in a timely manner. Defendant violated Chapter 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiff's claim in writing within the statutory timeframe, (4) conducting its investigation of the claim; and (5) paying the claim.

29. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Petition. Defendant is therefore liable under Chapter 542 for penalty interest at the rate set forth in the statute (currently 12.75%), and attorney's fees taxed as costs of this suit. Additionally, if it is determined Defendant owes Plaintiff any additional money on Plaintiff's claim, then Defendant has automatically violated Chapter 542 in this case – as evidenced by a payment in December 2022 for a February 2021 claim.

**Count 3 – Unfair Insurance Practices; Violation of TEX. INS. CODE, Chapter 541.**

30. As an insurer, Defendant owes extra-contractual and statutory duties to Plaintiff as its insured. Specifically, the Texas Insurance Code prohibits Defendant from engaging in any unfair or deceptive act or practice in the business of insurance.

31. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of TEX. INS. CODE, Chapter 541. Such

9

violations include, without limitation, all the conduct described in this Petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of Plaintiff's claim in good faith, plus Defendant's failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear . . . fair dealing. Defendant is liable for, without limitation, the following unfair insurance practices: (a) misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue; (b) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear; (c) failing to provide promptly to a policyholder a reasonable explanation of the basis in this insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement; (d) failing to affirm or deny coverage of Plaintiff's claim within a reasonable time; (e) refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to claim; and (f) misrepresenting the insurance policy sold to Plaintiff by: (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

32.     Defendant has also breached, in addition to the common law, its statutory duty of good faith and fair dealing under the Texas Insurance Code. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Petition. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described

in this Petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

**Count 4 – DTPA; Violations of TEX. BUS. & COM. CODE, § 17.46, et seq.**

33. Plaintiff is an individual who sought and acquired a good, the Policy that is the subject of the suit, by purchase, from Defendant. She also sought and acquired the service and adjustment of claims under that Policy, a service that was "furnished in connection with the sale or repair of goods," as defined by the Texas Deceptive Trade Practices Act ("DTPA"). This qualifies Plaintiff as a consumer of goods and services provided by Defendant as defined by the DTPA, codified under TEX. BUS. & COM. CODE, Chapter 17. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically Defendant's violations of the DTPA include without limitation, the following matters.

34. By its acts, omissions, failures, and conduct that are described in this Petition, Defendant has committed false, misleading, or deceptive acts or practices in violation of TEX. BUS. & COM. CODE, § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24). In this respect, Defendant's violations including, without limitation: **(a)** unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiff as to whom was representing whom, and had whose best interests in mind . . . giving Plaintiff the right to recover under § 17.46(b)(2) and (3); **(b)** Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it/they did not have, which gives Plaintiff the right to recover under § 17.46(b)(5); **(c)** Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard,

11

quality, or grade when they were of another, in violation of § 17.46(b)(7); **(d)** Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under § 17.46(b)(12); **(e)** Defendant knowingly made false or misleading statements of fact concerning the cause of Plaintiff's damage, which gives Plaintiff the right to recover under § 17.46(b)(13); **(f)** Defendant breached an express and/or implied warranty that the damage caused by the subject storm(s) would be covered under the insurance policies, entitling Plaintiff's recovery under §§ 17.45(b)(12) and (20) and 17.50(a)(2); **(g)** Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed, giving Plaintiff the right to recover under § 17.46(b)(24); **(h)** Defendant's actions, as described in this Petition, were/are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience (and age) to a grossly unfair degree, giving Plaintiff the right to relief under § 17.50(a)(3); and **(i)** Defendant's conduct, acts, omissions, and failures as described in this Petition, are unfair practices in the business of insurance in violation of § 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

35. All the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Petition. All the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

**Count 5 – Breach of Duty of Good Faith and Fair Dealing.**

36. By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim, and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. Defendant's acts, omissions, failures, and conduct are a proximate cause of Plaintiff's damages.

**Count 6 – Misrepresentation.**

37. Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant conveyed, without a reservation of rights, to Plaintiff that certain exclusions within the Policy could apply and that certain damages claimed were not caused as claimed. Misrepresentations were made by Defendant or its agent, with the intention that they should be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to her detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant is liable for these actual, consequential and penalty-based damages and for which she seeks recovery herein.

## VIII.   WAIVER AND ESTOPPEL

38. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## IX.    DAMAGES/CLAIMS FOR RELIEF

39.    The above-described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, (1) the cost to properly repair Plaintiff's home; (2) damage to personal property claimed and additional living expenses covered under the Policy; (3) any investigative and engineering fees incurred by Plaintiff, (4) court costs, and (5) attorney's fees. Plaintiff is entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus interest on the amount of the claim, under Chapter 542 of the Texas Insurance Code, as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under TEX. FIN. CODE, § 304.003, accruing beginning on the date the claim was required to be paid. This interest is in addition to pre- and post-judgment interest.

40.    Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by § 17.50(b)(1) of the DTPA, which allows recovery of up to three times economic damages. Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiff is entitled to recovery of up to three times actual damages. Plaintiff is further entitled to the additional damages authorized by TEX. INS. CODE, Chapter 541.

41.    Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in TEX. CIV. PRAC. & REM. CODE, Chapter 41. These violations by Defendant are the type of conduct which the State of Texas protects its citizens against, as reflected in the codification of the standards in the

14

DTPA and TEX. INS. CODE, Chapters 541 and 542, by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X. ATTORNEY'S FEES

42. As a result of Defendant's conduct that is described in this Petition, Plaintiff has been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code (and for which presentment was made), as well as Chapters 541 and 542 of the Texas Insurance Code, and Section 17.59 of the DTPA.

## XI. DISCOVERY

43. In accordance with TEX. R. CIV. P. 194.1 and 194.2, the Defendant must, without awaiting a discovery request, provide to Plaintiff and any other parties, the initial disclosures described in Rule 194.2, within thirty (30) days after the filing of the first answer or general appearance.

## XII. JURY DEMAND

44. Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Donna Meek prays the Defendant State Farm Lloyds, Inc. be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and

15

Insurance Code, and all punitive and exemplary damages as may be found by the factfinder. In addition, Plaintiff requests the award of all attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show herself to be justly entitled.

        Respectfully submitted,

        THE MONSON LAW FIRM, LLC

        By: */s/ Ronald L. Hornback*
            Ronald L. Hornback
            Texas Bar No. 24059257
            Ronald@monsonfirm.com
            Matthew D. Monson
            Texas Bar No. 24056797
            Matthew@monsonfirm.com
            900 Rockmead Drive, Suite 141
            Kingwood, Texas 77339
            Telephone: (281) 612-1920
            Facsimile: (281) 612-1971

        ATTORNEYS FOR PLAINTIFF DONNA MEEK

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronald Hornback on behalf of Ronald Hornback
Bar No. 24059257
ronald@monsonfirm.com
Envelope ID: 73596275
Filing Code Description: Petition
Filing Description: Petition
Status as of 3/13/2023 1:35 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Ronald Hornback | | ronald@monsonfirm.com | 3/13/2023 12:15:41 PM | SENT |